```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------x
 DONALD DIRENZO, SR., and JOSEPH
 DIRENZO, SR.,

                  Plaintiffs,              MEMORANDUM & ORDER
                                           21-CV-3027(EK)(SIL)
           -against-

 TASA CONSULTING LLC, NATIVE
 AMERICAN ENERGY GROUP, INC., VICTOR
 WANG, JOSEPH D'ARRIGO, et al.,

                  Defendants.

-----------------------------------x
```

ERIC KOMITEE, United States District Judge:

    This case is before me on the motion of defendants Victor Wang and Dara Sneddon to dismiss for insufficient service of process. I referred the motion to Magistrate Judge Steven Locke for Report & Recommendation, and in an R&R dated October 20, 2021, Judge Locke recommended that I deny the motions to dismiss.[1] R&R, ECF No. 22. Defendants filed a timely objection. Obj. to R&R 2, ECF No. 27. Having reviewed the R&R, Defendants' objections, and the fuller record, I adopt the recommendation and deny Defendants' motions to dismiss.

---

[1] After the Court referred the motions to Judge Locke, Defendant filed a letter asking for permission to respond to a declaration Plaintiff filed in opposition to the motion to dismiss. *See* ECF No. 20. Judge Locke recommends I grant the request. The Court notes that the response is contained within that letter request and that the Court has read the submission. Given that, the request is granted.

##    I.    Background

The Court assumes familiarity with the relevant background and procedural history.  Plaintiffs allege that Defendants defrauded them in connection with certain debt and equity investments Plaintiffs made in private businesses controlled by Defendants.  *See generally* R&R 4-8.[2]  They allege, further, that defendant Wang was motivated to engage in this conduct by his restitution obligations from a prior criminal case in this District.  Compl. ¶¶ 27-29, ECF No. 1.[3]

On June 4, 2021, soon after Plaintiffs filed the complaint, their process server attempted service on both individual defendants — Wang and Sneddon — at the gated housing complex at which they reside.  Process Server Affidavits of Service on Victor Wang and Dara Sneddon, ECF No. 7, 8.  According to the process server, the "security guard spoke to Victor Wang, who advised for [the process server] to come back the next day."  *Id*.  The process server returned the next day, but the "security guard spoke to Victor Wang and Victor

---

[2] Page numbers in citations to record documents (excluding deposition transcripts) refer to ECF pagination rather than the documents' native page numbers.

[3] Defendant Wang was associated with Stratton Oakmont, the broker-dealer at the center of a notorious stock-fraud conspiracy, and he later served as the chairman of a New York City firm called Duke & Co.  Compl. ¶¶ 18-22.  The complaint alleges that Wang pleaded guilty to securities-fraud conspiracy and money laundering in connection with his endeavors at Duke, and that he is the subject of SEC and FINRA orders barring him from association with any broker or dealer.  *Id.* ¶¶ 23-25.

instructed security not to let [the process server] through." *Id*. The process server then served the security guard and instructed him to provide the papers to the individual defendants. *Id*. The process server also mailed the summons and complaint to the individual defendants by first class mail on June 7, 2021. *Id*.

On June 29, 2021, Wang and Sneddon moved to dismiss the complaint for failure to effectuate proper service under Fed. R. Civ. P. 12(b)(5). Def. Victor Wang's Mot. to Dismiss, ECF No. 11; Def. Dara Sneddon's Mot. to Dismiss, ECF No. 12. I referred the motions to Judge Locke. R&R 8. The individual defendants timely objected to Judge Locke's Report & Recommendation via a joint submission. Obj. to R&R.

**II.   Legal Standard on Review of Report & Recommendation**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Within fourteen days after a party has been served with a copy of a magistrate judge's R&R, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). When a party submits a timely objection, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

3

### III. Discussion

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006).[4] Plaintiff bears the burden of establishing (by a preponderance) the sufficiency of service at this stage. *Khan v. Khan*, 360 Fed. App'x 202, 203 (2d Cir. 2010); *see also Poppington, LLC v. Brooks*, No. 20-CV-8616, 2021 WL 3193023, at *3 (S.D.N.Y. July 27, 2021); *First Horizon Bank v. Moriarity-Gentile*, No. 10-CV-289, 2013 WL 635243, at *2 (E.D.N.Y. Feb. 20, 2013). Service may be effectuated by following state law. Fed. R. Civ. P. 4(e)(1).

Rule 308 of the New York Civil Practice Law and Rules provides that an individual may be served:

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business.

N.Y. C.P.L.R. § 308(2).

A process server's affidavit of service constitutes prima facie evidence that the defendant was properly served.

---

[4] Unless otherwise noted, when quoting judicial decisions this order omits all alterations, citations, footnotes, and internal quotation marks.

*U.S. Bank, N.A. v. Peralta*, 37 N.Y.S.3d 308, 309-10 (App. Div. 2016); *Bankers Trust Co. of Cal. v. Tsoukas*, 756 N.Y.S.2d 92, 94 (App. Div. 2003). Defendant can refute the affidavit with a sworn denial of receipt of service that contains "specific facts" to rebut the process server's contentions. *Peralta*, 37 N.Y.S.3d at 310.

Plaintiffs' process server stated, under penalty of perjury, that he attempted service on both individual defendants on two successive dates, and that he was prevented (in part by Wang) from doing so each time. Process Server Affidavits. The process server proceeded to serve the security guard and advised him to provide the papers to the defendants. *Id*. The server followed up by sending the papers through certified mail. *Id*. This, taken together, constitutes prima facie evidence under New York law that the defendant was properly served. *See Peralta*, 37 N.Y.S.3d at 310.

And Wang and Sneddon have not adequately refuted this evidence. They contended, before Judge Locke issued his R&R, that they were not properly served when the process server left the papers with the security guard and mailed them because they do "not reside . . . in the guard booth" and that their residence is some distance away. Wang Mot. to Dismiss ¶ 4; Sneddon Mot. to Dismiss ¶ 4. Defendants argued, further, that they do not know the security guard allegedly involved and that

5

they never authorized anyone to accept service on their behalf. Wang Mot. to Dismiss ¶ 8; Sneddon Mot. to Dismiss ¶ 8. Defendants aver that they never received copies of the summons and complaint either from the security guard or the mail. Wang Mot. to Dismiss ¶¶ 9-11; Sneddon Mot. to Dismiss ¶¶ 9-11.

Defendants have also levied new factual contentions, following the R&R, in a submission accompanying their joint objection. In an "Affidavit" signed and notarized on November 2, 2021, Wang states that the housing complex's "security manual" sets out "standard written orders" for guards to follow when a process server calls. *See* Affidavit Attached to Defs.' Obj 3-4, ECF No. 27. According to Defendants, security guards are to call the residents, tell the residents that the guard must let the process server through the gate, and that guards are instructed not to accept any summons. *Id*. at 3. Wang's Affidavit does not deny — at least not explicitly — that he spoke to the security guard on the dates of attempted service or told him to deny entry.

Judge Locke properly concluded that Defendants' initial contentions do not defeat proper service, for the reasons contained in his comprehensive R&R. Among other things, New York State courts have held that service on a guard at the perimeter of a gated community is valid under New York law. *Costine v. St. Vincent's Hospital & Medical Center*, 570 N.Y.S.2d

6

50, 51 (App. Div. 1991); *see also Gudavadze v. Kay,* 556 F. Supp. 2d 299, 302 (S.D.N.Y. 2008); *Braun v. St. Vincent's Hospital & Medical Center*, 57 N.Y.2d 909, 910-11 (1982).

And Defendants' new (*i.e.*, post-R&R) factual contentions are not cognizable on review of an R&R. *Mallek v. Allstate Indemnity Co.*, No. 17-CV-5949, 2018 WL 3629596, at *1 (E.D.N.Y. July 31, 2018) ("[T]he court ordinarily will not consider arguments, case law and/or evidentiary material which could have been but [were] not, presented to the magistrate judge in the first instance."). The new contentions are irrelevant anyway; the security guard's private instructions (via the "security manual") are not relevant under any case cited by Defendants or located by this Court.

## IV. Conclusion

For the foregoing reasons, I adopt Judge Locke's R&R in full. The individual defendants' motions to dismiss are denied, and the case will proceed accordingly.

SO ORDERED.

       /s/ Eric Komitee
       ERIC KOMITEE
       United States District Judge

Dated:   March 22, 2022
        Brooklyn, New York