```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DONALD A. DIRENZO, SR. and JOSEPH R.
DIRENZO SR.,
                                                                    REPORT AND
                          Plaintiffs,                               RECOMMENDATION
              -against-                                             21-cv-3027 (EK)(SIL)

TASA CONSULTING LLC, NATIVE
AMERICAN ENERGY GROUP, INC.,
VICTOR WANG, JOSEPH D'ARRIGO,
and DARA SNEDDON

                          Defendants.
---------------------------------------------------------------X
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

This matter is before the Court on referral from the Honorable Eric R. Komitee to oversee and manage discovery. For the reasons set forth herein, the Court respectfully recommends *sua sponte* that the Answer filed by Joseph D'Arrigo ("D'Arrigo") be stricken pursuant to Rule 16 and 37 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

### I. BACKGROUND

By way of Complaint dated May 27, 2021, Plaintiffs Donald A. DiRenzo, Sr. and Joseph R. DiRenzo, Sr. (together "Plaintiffs") commenced this action against Defendants Joseph D'Arrigo ("D'Arrigo"), Native American Energy Group, Inc. ("NAEG"), Dara Sneddon ("Sneddon"), TASA Consulting LLC ("TASA"), and Victor Wang ("Wang" and collectively "Defendants") alleging violations of §§10(b) and 20(a) of the Securities and Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §78(b) and Rule 10b-5 (17 C.F.R. §240.10b-5), fraud, fraud in the inducement, unjust

1

enrichment, breach of fiduciary duties and other related relief, including a constructive trust and an accounting to recover their investments from Defendants. *See* Complaint ("Compl.") Docket Entry ("DE") [1].  Wang and Sneddon filed respective motions to dismiss on June 29, 2021, which this Court recommended denying as to both motions in its October 21, 2021 Report and Recommendation, and which Judge Komitee adopted.  *See* DEs [11], [12], [22], [50].

On July 7, 2021, Plaintiffs and D'Arrigo filed a motion on consent requesting an extension of time for D'Arrigo and NAEG to answer or otherwise respond to the Complaint, which the Court granted through and until August 9, 2021.  *See* DE [17]. They did not timely file an answer, however, and on October 13, 2021, the Court directed the parties to file a status report as to D'Arrigo's and NAEG's appearance in the case and scheduled an initial conference.  *See* October 13, 2021 Status Report Order; October 28, 2021 Electronic Order.  On November 10, 2021, D'Arrigo filed a motion to dismiss or for leave to retain counsel to respond to the Complaint.  *See* DE [30].  At the initial conference on November 17, 2021, D'Arrigo appeared, and the Court denied his motion to dismiss without prejudice and granted him leave to obtain counsel allowing for 30 days to seek an attorney and respond to the Complaint.  *See* DE [33].  The Court scheduled a subsequent status conference for December 20, 2021. *Id*.  In the meantime, D'Arrigo filed two letters with the Court regarding the upcoming conference and indicated he was unable to find an attorney.  *See* DEs [39], [40].

At the December 20, 2021 conference, D'Arrigo appeared, and the Court ordered that all answers for Defendants were to be filed by December 31, 2021 and set discovery deadlines including the next status conference. *See* DE [37]. Wang and Sneddon filed their respective answers on December 29, 2021, and D'Arrigo filed his Answer *pro se* on December 30, 2021 on behalf of himself and corporate defendant NAEG, although the Court had previously informed him this was improper. *See* DEs [43]-[47]. Discovery followed.

D'Arrigo failed to appear at the status conference with the Court on March 1, 2022. *See* [47]. He failed to appear again at the May 17, June 6, June 29 and September 21, 2022 status conferences, and the Court warned that failure to appear could result in a recommendation to the District Court that D'Arrigo's "answer be stricken and that default be entered against him." *See* DEs [54], [55], [57], [59]. On October 26, 2022, the appearing parties informed the Court that they had reached a settlement although had no contact with D'Arrigo, who failed to appear at the status conference despite the Court's clear instructions and warnings. *See* DE [63]-[65]. Moreover, no attorney has appeared on behalf of NAEG to date.

## II.  LEGAL STANDARD

Pursuant to Rule 37, if a party "fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These orders may include, "striking pleadings in whole or in part; . . . dismissing the action or proceeding in whole or in part; [or] rendering a default judgment against the disobedient party[.]" *See id.*; *see also* Fed. R. Civ. P. 16(f)(1) ("On motion or its

own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or . . . fails to obey a scheduling or other pretrial order"). "A district court has 'wide discretion in imposing sanctions, including severe sanctions' under Rule 37." *Vargas v. Jet Peru-Courier Corp.*, No. 15-cv-6859, 2018 WL 1545699, at *3 (E.D.N.Y. Mar. 14, 2018), *report and recommendation adopted*, 2018 WL 1545679 (E.D.N.Y. Mar. 28, 2018) (quoting *Daval Steel Prod., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)).

The factors courts weigh when considering Rule 37 sanctions include: "'(1) the willfulness of the non-compliant party; (2) the efficacy of lesser sanctions; (3) the duration of the noncompliance; and (4) whether the non-compliant party had been warned' of the consequences of noncompliance." *Bricklayers Ins. & Welfare Fund v. P.P.L. Constr. Servs. Corp.*, No. 12-cv-3940, 2017 WL 9481016, at *6 (E.D.N.Y. Jan. 12, 2017), *report and recommendation adopted*, 2017 WL 1093192 (E.D.N.Y. Mar. 23, 2017) (quoting *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009)). Although "a sanction so drastic as striking an answer or entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable, the decision to impose such sanctions is committed to the sound discretion of the district court. . . ." *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990) (internal citations omitted).

### III.   DISCUSSION

Applying these standards, the Court recommends that Rule 37 and 16 sanctions are warranted against D'Arrigo due to his continued failure to comply with Court orders and appear before this Court. Although D'Arrigo answered the Complaint and attended the November 17 and December 20, 2021 conferences, he has not participated in any meaningful way in this litigation since filing his Answer on December 30, 2021. Moreover, as NAEG is a corporate entity, it must appear by counsel, but D'Arrigo's Answer attempts to be filed on his own and on NAEG's behalf despite the Court's warning that this was improper. *See, e.g., Northfield Ins. Co. v. Mannara Contracting Corp.*, No. CV186447SJFAYS, 2019 WL 5874063, at *2 (E.D.N.Y. Aug. 22, 2019), *report and recommendation adopted*, No. 18CV6447SJFAYS, 2019 WL 4291652 (E.D.N.Y. Sept. 11, 2019) (citing *Shapiro, Bernstein & Co. v. Continental Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) ("It is settled law that a corporation may not appear in a lawsuit against it except through an attorney.")). Further, as detailed above, D'Arrigo has demonstrated that his non-compliance is willful through his repeated and unexplained failure to appear at six scheduled conferences since March 1, 2022 despite having been given notice, and, in turn, through his refusal to engage in discovery. *See* DEs [47], [54], [55], [57], [59], [65]. Accordingly, in consideration of the above factors, the Court respectfully recommends that Rule 37 and 16 sanctions are warranted, and that D'Arrigo's Answer be stricken.

### IV.   CONCLUSION

5

For the reasons set forth herein, the Court respectfully recommends that Defendant D'Arrigo's Answer, DE [45], be stricken.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Plaintiffs' counsel is directed to serve a copy on all Defendants within three days of the date below and promptly file proof of service via ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within this specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72; *Ferrer v. Wolvier*, No. 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
October 27, 2022

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge